(No. 4295- )

LOUIS LEE SMITH, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1951.*

R. WALLACE KARRAKER, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimant, Louis Lee Smith, an employee certified to the Department of Public Welfare by the Illinois Civil Service Commission, was assigned to the State Hospital at Anna, Illinois, as an attendant. On October 20, 1948, he was suspended for a period of 30 days until November 20, 1948 on alleged charges of being abusive to a patient by the name of Milo Garavaglia. Later on November 20, 1948, he was discharged. Claimant requested a hearing before the Civil Service Commission, and on July 25, 1949 he was discharged from his position in the Department of Welfare on the order of the Commission. On August 8, 1949, claimant filed his petition for review of the decision of the Civil Service Commission under the provisions of the Administrative Review Act of the State of Illinois in the Circuit Court of Union County, Illinois. On January 14, 1950, the Circuit Court of Union County declared the decision of the Civil Service Commission void, due to the fact that the

Civil Service Commission had lost jurisdiction of the cause as a hearing was not granted within sixty days after a request was made as required. Claimant was reinstated to his former position on March 20, 1950 at the same salary he received at the time of suspension, $175.00 per month. The Department of Public Welfare, however, paid claimant regular salary from January 14, 1950, the date of the order of the Circuit Court of Union County.

From the record, the only deduction that can be made is that claimant had been diligent in the protection of his rights, and at all times, for which he seeks payment of salary, he was ready, willing and able to perform the duties of his position, tendered performance thereof, and such tender was refused. These facts have to be taken as true as no affirmative defenses were offered to the contrary.

The record consists of the complaint, departmental report, transcript of evidence, claimant's brief, statement, brief and argument of respondent, and reply brief of claimant.

Where a civil service employee is illegally discharged and subsequently restored to his position by a Court of competent jurisdiction, he is entitled to the salary as provided for said position for the period of the illegal discharge where he is ready, able and willing to perform the duties of such position, and tendered his services to his employer.

*Clay Wilson vs. State of Illinois*, 12 C.C.R. 413;
*Herman Drezner vs. State of Illinois*, 15 C.C.R. 16;
*Roy S. Vancil vs. State of Illinois*, Court of Claims No. 4224.

The Court, therefore, finds that claimant is entitled to the payment of his salary from November 20, 1948 to January 14, 1950, a period of 13 months and 24 days at the rate of $175.00 a month, or a total of $2,414.92. Under

the previous decisions of this Court, claimant is not entitled to his salary during the period he was suspended from October 20, 1948 to November 20, 1948.

An award is, therefore, entered in favor of the claimant, Louis Lee Smith, in the sum of $2,414.92.